IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM R. CHAMBERS, JR., )
)
)
Plaintiff, )
)
v. )
)
RICKIE LEE LANCE, as Executor of )
the Estate of Kenneth Lee Lance; and )
SHEILA LANCE PATTERSON, as )
Executor of the Estate of Kenneth Lee )
Lance; and GELAINE WILLIE LANCE, )
as Transferee and Assignee of Promissory )
Note and Security Deed Originally )
Executed by Kenneth Lee Lance; and )
MYRTLE ADAMS, and KENNETH )
LEE LANCE, now deceased, )
)
)
Defendants. )

## COMPLAINT FOR DAMAGES

### I. PREMLINIMARY STATEMENT

1. Plaintiff institutes this action for actual damages, statutory damages, attorney fees, punitive damages, and cost of this action against Defendants for multiple violations of the Truth In Lending Act, 15 U.S.C. § 1602 *et seq.*, (hereinafter TILA), and Regulation Z, 12 C.F.R. § 1026 [formerly §226], promulgated pursuant thereto, and for violations of laws under the State of Georgia.

### II. JURISDICTION AND VENUE

2. The jurisdiction of this court for the First Cause of Action is invoked pursuant to the Truth In Lending Act, 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

1

3. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial circuit pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events and omissions giving rise to this Complaint occurred withing the district.

### III. PARTIES

5. The Plaintiff, William R. Chambers, Jr., is a natural person currently residing at 1550 Strange Road, Commerce, Georgia 30530.

6. Defendant Kenneth Lee Lance, now deceased, resided at 1214 Cedars Road, Lawrenceville, Georgia 30045.

7. Defendant Rickie Lee Lance, as Executor of the Estate of Kenneth Lee Lance, is a natural person who resides at 1222 Cedars Road, Lawrenceville, Georgia 30045.

8. Defendant Sheila Lance Patterson, as Executor of the Estate of Kenneth Lee Lance, is a natural person who resides at 1214 Cedars Road, Lawrenceville, Georgia 30045.

9. Defendant Gelaine Lance, as Transferee and Assignee of Promissory Note and Security Deed originally executed ty Kenneth Lee Lance is a natural person who resides at 1214 Cedars Road, Lawrenceville, Georgia 30045.

10. Defendant Myrtle Adams, Sister and employee of Kenneth Lee Lance is natural person who resides at 755 Sam Freeman Road, Hoschton, Georgia 30048.

11. At all times relevant hereto, the Defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is subject of this loan is initially payable, making defendant a creditor

within the meaning of the Truth In Lending Act, 15 U.S.C. § 1602(g) [§ 1602(f) prior to Dodd-Frank amendments] and Regulation Z § 1026.2(a)(17) [formally § 226.2(a)(17)].

## IV. FACTUAL ALLEGATIONS

12. On or about February 17, 2000, Plaintiff executed a Promissory Note with now deceased Defendant Kenneth Lee Lance (Promissory Notes sometimes hereinafter referred to "the Note") in the amount of Eighty Thousand Dollars ($80.000.00) and a Security Deed agreement for the purpose of obtaining a loan for real property, which said transaction was a consumer credit transaction withing the meaning of the TILA, 15 U.S.C.§ 1602 and Regulation Z § 1026.2 [formerly § 226.2]. A true and accurate copy of the combined note and security agreement is attached hereto as Exhibit A and is hereby incorporated by reference.

13. The Security Agreement lists as collateral a tract of land containing 40.25 acres purchased with the proceeds of this loan.

14. Defendants never provided Plaintiff with a copy of the Truth in Lending Loan Statement at no time during the course of the transaction between the parties.

15. Plaintiff paid the off loan in full on or about July 15, 2020, and Cancellation of the Security Deed Agreement was filed in the Franklin County Superior Court on July 17, 2020.

16. However, all during the time while Plaintiff made timely payments on the loan, and after paying off the full balance, Plaintiff was concerned as to why he was required to pay

additional interest fees and penalties that did not appear to be consistent with the terms of the Note/ and or loan agreement.

17. Therefore, Plaintiff consulted a licensed Certified Public Accounting Firm to review all of his records and payments made on the loan, including the mortgage amortization schedule initially provided to him by Defendants, and was informed by the Certified Public Accounting Firm, with proof thereof, that he had overpaid Defendants in the amount of Sixteen Thousand and Four Hundred and Six Dollars and Eighty-Three Cents ($16,406.83).

## V. FIRST CAUSE OF ACTION
## VIOLATION OF THE TRUTH IN LENDING ACT, 15 U.S.C. § 1601 *et seq.*

18. Plaintiff incorporates the allegations in Paragraphs 1 through 17 above with the same force and effect as if herein set forth.

19. Defendants initially failed to provide Plaintiff with a Truth in Lending Statement, which would have allowed Plaintiff to make responsible credit decisions and easily compare rates between lenders.

20. Plaintiff was not provided with detailed and clear disclosures from Defendants regarding the actual amount of the loan and the payments amount, including, but not limited to, additional interest charges that were constantly imputed upon Plaintiff during the course the loan, which occurred each time Plaintiff was close to paying off the loan, only to discover that there were additional interest fees and penalties he was required to pay.

21. All throughout the loan, Plaintiff was never informed of the actual pre-payment penalties and late fees, which he was ultimately charged due to the overpayment of the loan in the amount of $16,406.83.

4

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## VI. SECOND CAUSE OF ACTION
## FRAUD AND DECEIT

22. Plaintiff incorporates the allegations in Paragraphs 1-21 above with the same force and effect as if herein set forth.

23. Defendants knowingly conducted confusing and deceitful, and fraudulent lending practices against Plaintiff.

24. The Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and Regulation Z, 12 C.F.R § 1026 requires lenders to be honest in disclosing the details of a loan, and to provide consumers with a Truth in Lending Statement.

25. Defendants made representations to Plaintiff indicating that his loan would be paid off according to the terms set forth in the Promissory Note provided to Plaintiff by Defendants, with no mention that Plaintiff would ultimately overpay the balance of the Note in the amount of $16,406.83.

26. In making these representations set forth herein, Defendants knew them to be false and made them with the intent of inducting Plaintiff to rely upon said representations in order obtain the loan for his land purchase.

27. Had Plaintiff known that he would ultimately overpay Defendants in the amount of $16,406.83, he would not have entered the loan agreement, however, as a result, Plaintiff has now been harmed because of Defendants' fraud and deceit.

28. Defendants acted with fraud, malice and oppression and Plaintiff is thereby entitled to actual damages in the amount of $16,406.83 and entitled to punitive damages in an amount of not less than $500,000.00.

    WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## VII. THIRD CAUSE OF ACTION
## BREACH OF PROMISSORY NOTE

29. Plaintiff incorporates the allegations in Paragraphs 1-28 above with the same force and effect as if herein set forth.

30. Defendants provided Plaintiff a Promissory Note and had reason to know that Plaintiff would pay the Note according to the terms as set forth therein.

31. However, Defendants breached the Promissory Note agreement thereby causing Plaintiff to rely on the terms of the Note to his detriment with Plaintiff sustaining the losses set forth herein, including, but not limited to, the amount of $16, 406.83.

    WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## VIII. FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

32. Plaintiff incorporates the allegations in Paragraph 1-31 above with the same force and effect as if herein set forth.

28. Defendants induced Plaintiff to enter a Promissory Note for the purchase of land with a Security Deed provided, however, the terms of the agreement caused Plaintiff to overpay the Note in the amount of $16,406.83.

29. As a result, Defendants have retained the financial benefit conferred by Plaintiff's overpayment of the Note. Therefore, Defendants will be unjustly enriched, and justice requires that Defendants be compelled to disgorge the benefit conferred by Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## JURY TRIAL DEMANDED

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief by this Court:

1. That this Honorable Court assume jurisdiction of this case;

2. Award actual damages to be established at trial pursuant to 15 U.S.C. § 1640(a)(1), but not less than $16,406.83;

3. Award statutory damages in the amount of twice the finance charge in accordance with 15 U.S.C. § 1640(a)(2), not to exceed $2000.00;

4. Award Plaintiff cost and reasonable attorney fees in accordance with 15 U.S.C. § 1640;

5. Award Plaintiff damages for Defendants' violation of Fraud and Deceit in an amount to be determined at trial, but no less than $16,406.83;

6. Award Plaintiff damages for Defendants' violation of Breach of Promissory Note in an amount to be determined at trial, but no less than $16,406.83;

7. Award Plaintiff damages for Defendants' violation of Unjust Enrichment in an amount to be determined at trial, but no less than $16,406.83;

8. Award Punitive Damages against Defendants in the amount of $500,000.00 for the above violations;

9. That he be granted a trial by jury;

10. Award such other relief as the court deems appropriate.

This 7th day of August, 2021.

                                                          Respectfully submitted,

                                                          /s/Donell Holiday
                                                          Donell Holiday
                                                          Attorney for Plaintiff
                                                          Georgia Bar No. 361150

P.O. Box 4596
Atlanta, Georgia 30303
Telephone- (678) 358-1316
Email-dholidaylaw@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
~~ATHENS~~ ATLANTA DIVISION

WILLIAM R. CHAMBERS, JR., )
)
)
Plaintiff, )
)
v. )
)
RICKIE LEE LANCE, as Executor of )
the Estate of Kenneth Lee Lance; and )
SHEILA LANCE PATTERSON, as )
Executor of the Estate of Kenneth Lee )
Lance; and GELAINE WILLIE LANCE, )
as Transferee and Assignee of Promissory )
Note and Security Deed Originally )
Executed by Kenneth Lee Lance; and )
~~MYTLE~~ MYRTLE ADAMS, AND KENNETH )
LEE LANCE, NOW )
DECEASED )
Defendants. )

[handwritten annotations: "DH ATTORNEY", "ATTORNEY DH"]

## VERIFICATION

Personally appeared before the undersigned attesting officer authorized by law to administer oaths, William R. Chambers, Jr., who, first duly sworn, on oath deposes and says that the facts contained in the foregoing COMPLAINT FOR DAMAGES are true and correct to the best of his knowledge and belief.

This 9 day of August, 2021.

Sworn to and subscribed before me
this 9 day of August, 2021.

_Brittany Buffington_
NOTARY PUBLIC

_William R Chambers Jr._
WILLIAM R. CHAMBERS, JR.

[Notary seal: BRITTANY BUFFINGTON, NOTARY PUBLIC, JACKSON COUNTY, GEORGIA]

My commission expires 12-1-24