**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

WILLIAM R. CHAMBERS, JR.,

               Plaintiff,              CIVIL ACTION

    -vs.-                          #1:22-cv-00045-JPB-RDC

RICKIE LEE LANCE, et al.

           Defendants.

---

Denise R. Griffin
Griffin Law and Mediation, P.C.
Georgia Bar #310777

Attorney for Defendants Rickie Lee Lance,
Sheila Lance Patterson, Gelaine Willie Lance, and Myrtle Adams

295 South Culver Street, Ste. B
Lawrenceville, GA  30046
Telephone: (770) 963-7147
Email:  denise@drgriffinlaw.com

## DEFENDANTS' REPLY

Plaintiff's response ("Response") to Defendants' Motion to Dismiss ("MTD") includes a motion to remand. Doc. 16 at 1 and 22. However, since the Complaint was not removed to this court, remand is improper. 28 U.S.C.A. § 1447. Instead, the Complaint should be dismissed.

### Count One - TILA

In the MTD, Defendants argued that because Plaintiff seeks damages, not rescission, the TILA statute of limitations is one year and the claim is time-barred. They also argued the TILA claim is formulaic and vague, and Plaintiff never pleaded facts showing that the loan was even subject to TILA's disclosure requirements. Defendants also showed the claim (like all others in the Complaint) is misdirected at "Defendants."

In his convoluted Response, Plaintiff vacillates between suggesting he might dismiss his TILA claim or that the Court may do so based upon the "amendments to the Complaint" which he states are in his Response. Id. at 22 (Conclusion).

Suggesting that he is not withdrawing the claim and instead leaving it to the court to decide, he states, "if the TILA claim is dismissed as untimely, this Court lacks subject matter jurisdiction, and remand is appropriate." Id. at 12.

Similarly, it seems he seeks to preserve the claim when he argues against dismissal stating the "three (3) year statute of limitations period had not yet run when the complaint … was

filed."[1]  Id. at 16 ¶19.  To that apparent end, he argues
without authority and in error that the statute of limitations
began when he made his final payment in late 2018, and thus his
claim is timely.

Also, without arguing the concept, he cites several cases
relating to "equitable tolling" of TILA's "one-year statute of
limitations." Id. at 17-18, ¶21.  The foregoing implies he is
not withdrawing the TILA claim, and opposes dismissal.

However, he then asserts "[a]lternatively, Plaintiff
voluntarily will withdraw the TILA claim to support remand to
the Superior Court of Gwinnett County." In this regard, he cites
Tuk v. U.S. Xpress, Inc., 2:19-CV-134, 2021 WL 2433800, at *2
(S.D. Ga. June 15, 2021) wherein the court granted unopposed
portions of a motion to dismiss based upon concessions made in
the respondent's brief and at a hearing.  This, coupled with the
fact that Plaintiff is moving for remand, suggest he is
withdrawing his TILA claim.

Like his Complaint, Plaintiff's Response is vague and
contradictory leaving Defendants uncertain of his intentions.

---

[1]As shown in the MTD, the statute of limitations is not three
years. Damages claims are subject to a one-year statute of
limitations. 15 U.S.C. § 1640(e)  A borrower's *right of
rescission* lasts three years after consummation of the
transaction or upon sale of the property, whichever comes first.
15 U.S.C. § 1635(f); Beach v. Ocwen Fed. Bank, 523 U.S. 410,
412, 118 S. Ct. 1408, 1410, 140 L. Ed. 2d 566 (1998).

Count Two – Fraud

Relative to the fraud claim, Defendants argued Plaintiff violated Rule 9(b) denying each Defendant fair notice of their purported role in the alleged fraud.  Instead, he vaguely attributed the purported "fraudulent lending practices" to "Defendants." Doc. 1 at 5, ¶23.

He complains about that which he was <u>not</u> told – i.e., that he would "ultimately overpay." He complains that had he known that, he would not have made the loan. <u>Id</u>. at ¶¶ 25, 27.

Defendants argued the failure to advise a borrower that he would "ultimately" overpay is not fraud. Not only is this a future event lacking scienter, also lacking is the element of justifiable reliance since Plaintiff had equal knowledge of the Note's terms regarding the amount owed. In fact, in his Response, he states that the amount of principal and interest due under the Note is "unambiguously stated" therein. Doc. 16 at 8. Thus, as Defendants argued, Plaintiff's lack of due diligence bars the claim. Also, the claim is time-barred.

In the Response, Plaintiff suggests the statute was tolled. He says he was unaware he overpaid until he obtained an accounting from a CPA because the "Defendants affirmatively concealed the unknowing waiver of Plaintiff's reimbursement."[2] He

---

[2] This so-called "waiver of reimbursement" is never mentioned in the Complaint or the MTD. Possibly, this relates to the "voluntary payment" straw argument contained in Plaintiff's Response.

said until then, he "reasonably rel[ied] on the express terms of
the Note." Doc. 16 at 18, ¶24.

In his Response and without explanation, Plaintiff argues
that the means of knowledge of the fraud (that he would
"ultimately overpay") was available to Defendants but withheld
from him. Id. at 18-19, ¶24.

O.C.G.A. § 9-3-96 states, "If the defendant or those under
whom he claims are guilty of a fraud by which the plaintiff has
been debarred or deterred from bringing an action, the period of
limitation shall run only from the time of the plaintiff's
discovery of the fraud." Mere concealment of a material fact,
unless done in such a manner as to deceive and mislead, will not
support an action [for fraud]. O.C.G.A. § 51-6-2.

"Only actual fraud (i.e., involving moral turpitude)[3] will
toll the statute of limitation. Shipman v. Horizon Corp., 245
Ga. 808, 267 S.E.2d 244 (1980). Concealment can prevent the
running of the statute of limitation but the concealment must be
by a positive act; mere silence is not sufficient to toll the

---

[3] a) Fraud may be actual or constructive.
b) Actual fraud consists of any kind of artifice by which
another is deceived. Constructive fraud consists of any act of
omission or commission, contrary to legal or equitable duty,
trust, or confidence justly reposed, which is contrary to good
conscience and operates to the injury of another.
c) Actual fraud implies moral guilt; constructive fraud may be
consistent with innocence." Ga. Off'l Code Ann. § 23-2-
51 (1982). *N.B.* This footnote is part of the citation.

statute. '[T]here must be something more than a mere failure,
with fraudulent intent, to disclose such conduct, unless there
is on the party committing such wrong a duty to make a
disclosure thereof by reason of facts and circumstances, or the
existence between the parties of a confidential
relation.' Id. at 809, 267 S.E.2d at 246 (emphasis added)
(citing American Nat'l Bank v. Fidelity & Deposit Co., 131 Ga.
854, 68 S.E. 622 (1908)). The issue, therefore, is whether
defendant had any duty to disclose his actions to plaintiff."
Palmer v. Neal, 602 F. Supp. 882, 885 (N.D. Ga. 1984).

"The element of a material factual misrepresentation may be
satisfied by the omission of a material fact but only if the
defendant had an obligation to disclose it, a duty that
typically is created by a confidential relationship. When a
confidential relationship exists, 'a person's silence when he
should speak, or his failure to disclose what he ought to
disclose, is as much a fraud in the law as an actual affirmative
false representation.' Such an obligation may arise from
contract, a fiduciary or confidential relationship, or from
particular circumstances." § 11:3. Fraud—Omission of material
fact, Ga. Law of Torts § 11:3 (Footnotes omitted).

"Any relationship shall be deemed confidential, whether
arising from nature, created by law, or resulting from
contracts, where one party is so situated as to exercise a

controlling influence over the will, conduct, and interest of another...." O.C.G.A. § 23-2-58.

The contract between Plaintiff and Kenneth Lance did not create a confidential relationship between them, nor do the facts alleged show that the Defendants were "so situated as to exercise a controlling influence over the will, conduct, and interest" of Plaintiff. See Doxie v. Ford Motor Credit Co., 603 F. Supp. 624, 629 (S.D. Ga. 1984); see also Russell Corp. v. BancBoston Fin. Co., 209 Ga. App. 660, 662, 434 S.E.2d 716, 718 (1993) ("In the absence of special circumstances, there is no fiduciary relationship between a bank and its borrowers.")

It should be further noted that fraud must be based upon representations involving existing or past facts and not to future acts. See, Williams v. Dresser Indus., Inc., 795 F. Supp. 1144, 1151 (N.D. Ga. 1992), rev'd on other grounds, 120 F.3d 1163 (11th Cir. 1997) ("As … grounds for seeking dismissal, Defendant argues that the specific concealments and misrepresentations alleged by Plaintiffs in the instant case involve representations as to a future event … rather than existing or past facts, as is required by Georgia law. Defendant correctly argues that under Georgia law, fraud cannot be predicated upon statements which are promissory in nature as to future acts, but rather the representation made must have been made with respect to existing or past facts."); See also Cheney

6

v. Barber, 144 Ga.App. 720, 721, 242 S.E.2d 358; Wood v. Noland
Credit Co., 113 Ga. App. 749, 749, 149 S.E.2d 720, 721 (1966).

Here, Plaintiff alleges no facts relating to a duty to
disclose, nor does he allege any facts showing any action on the
part of "Defendants" which he was "debarred or deterred from
bringing an action." He has not and cannot show this.

Moreover, even assuming arguendo that the omission to
disclose future overpayments constitutes a fraud, had Plaintiff
actually relied upon the terms of the Note as he unequivocally
alleges, there could have been no overpayment.

The fraud claim must be dismissed.

### Count Three – Breach of Note

In his Complaint and as argued in the MTD, Plaintiff
alleges "Defendants" provided the Note and had reason to know he
would pay it according to its terms. He then alleges Defendants
breached the Note causing him to rely upon it to his detriment,
resulting in damage of at least $16,406.83. Doc. 1 at 6, 31.

In the MTD, Defendants argued that Plaintiff has again
misdirected his claim against all of them, and that the
allegations are general and conclusory.

In his Response, Plaintiff attaches an Exhibit (Doc. 16-1)
which he now argues documents the "loan amortization" and the
"Note's payment history." He refers to it as "the Whitehurst
accounting" and alleges it shows "how the debt was discharged"

and that it "becomes part of the parties' contract." Doc 16 at
7, ¶¶ 4-5. He tries to argue that this court may consider it as
an extrinsic document. However, Exhibit A is not part of the
pleadings and should not be considered at this stage.

This document was never referred to by name (or even
mentioned as a document) in the Complaint and Defendants dispute
its accuracy. Defendants dispute that it is the loan
amortization - certainly not the one generated in connection
with the underlying transaction. Moreover, it fails to account
for Defendants' missed payments and those which were in amounts
different than those called for under the Note. None of the
Defendants played any role in its preparation and, noting its
inaccuracies, challenge its authenticity. Moreover, under no
legal theory does it become "part of the parties' contract" as
Plaintiff contends.

In his Response, Plaintiff also raises completely different
issues not mentioned in the Complaint or argued in the MTD.  The
first involves the doctrine of "voluntary payment."  Plaintiff
even acknowledges that Defendants did not argue this defense in
their Motion. Doc. 16 at 7, ¶4, fn 1. Oddly, though, he
repeatedly asserts this straw man argument throughout his
Response. Id. at 7, 10, 16, and 22. He does likewise with an
argument he refers to as "waiver of reimbursement rights,"

another issue never mentioned in the MTD. Id. at 7, 9, 15-16, 18-19, and 21.

Addressing the defense argument that the breach claim is misdirected at all Defendants, Plaintiff argues that he has alleged "facts sufficient to support a valid claim for Breach of Promissory Note against each of the named parties." Id. at 8, ¶7. He states, though, that "any failure to further particularize this claim stems from the minor delay in confirming the date that Decedent's estate was closed." Id. In this regard, he argues that the Note is dated February 17, 2000, and his lender, Kenneth Lance's, estate was "closed on or around 2017." Id. In support of this, he offers a purported email from Amy Smith in the Gwinnett County Probate Court which states "*relieved letters" were issued to Rickie Lee Lance and Sheila Lance Patterson a/k/a Sheila Kay Patterson on July 10, 2017. There has not been anything filed on the estate since then, including no discharge filed*."

First, this document is not referred to in the Complaint and should not be considered with respect to the MTD. Second, even if it is considered, all it reveals is that either Letters Testamentary or Letters of Administration were issued to Rickie Lance and Sheila Patterson, and the estate is still open since there has been no "discharge filed."[4] Third, in no way does this

_____

[4] See O.C.G.A. § 53-1-2(13) " 'Qualified' means that a personal representative has taken the oath, posted any required bond, and

document support Plaintiff's contention that the Complaint is properly directed at all of the Defendants.

In that same paragraph of his Response, Plaintiff says that his Complaint names "*the estate as payee via the Executors and beneficiary Myrtle, who was designated by the estate to administer the Note*..." Doc. 16 at 8. These allegations are not included in the Complaint.

He also states "Defendant Gelaine is a properly named as interested party [sic] as she was the assignee of the Note and Security Deed executed by Decedent's Estate [sic] and derived a financial benefit out of Plaintiff's funds." Id. at 14.

While the context of these statements is not abundantly clear, presumably Plaintiff is attempting to argue that the breach claim is properly be directed at all of the Defendants. This is wrong.

On its face, the Note is in favor of the decedent, Kenneth Lance. The Complaint identifies Rickie Lance and Sheila Patterson as the Executors of Kenneth Lance's estate,[5] and Gelaine as the assignee of the Note. The Complaint itself never

---

been issued letters of administration or letters testamentary, as provided in this title." See also O.C.G.A. § 53-7-50 (a) "A personal representative who has fully performed all duties or who has been allowed to resign may petition the probate court for discharge from the office and from all liability."

[5] In response to the MTD, Plaintiff has withdrawn his claims against Kenneth Lee Lance Doc. 16 at 13, ¶13.

specifies who actually received the claimed overpayments. Moreover, the only time Myrtle is mentioned by name in the Complaint is in the caption and in paragraph 10 which states, "Defendant Myrtle Adams, Sister and employee of Kenneth Lee Lance is natural person who resides at 755 Sam Freeman Road, Hoschton, Georgia 30048." The Complaint does <u>not</u> state that she was an "estate beneficiary" or that she was "designated to supervise the administration of the note and collect the sums owing under the Note" as argued in the Response. Doc 16 at 14,¶16. Even if it did, this would not make her personally liable for breaching a Note to which she is not a party. Plaintiff may not superimpose allegations upon his pleading in a Response to a motion to dismiss.

Lastly, in his Response in defending the breach claim, Plaintiff makes two arguments which are out of place.

First, he states that "[t]hese facts plausibly allege grounds for reformation of the note/and/or based on "fraud, accident or mistake" based upon the estate's stealth collection of the extra funds, sufficient to support the denial of Defendants' motion or the grant of permission to file this count de novo in state court. Doc 16 at 9, ¶9. Reformation based on "fraud, accident or mistake" is equitable in nature and is an entirely different cause of action than breach of contract. See <u>Aames Funding Corp. v. Henderson</u>, 275 Ga. App. 323, 324, 620

S.E.2d 503, 505 (2005) ("In all cases where the form of the conveyance or instrument is, by mutual mistake, contrary to the intention of the parties in their contract, equity will interfere to make it conform thereto.") The Complaint does not allege facts supporting a claim for reformation.

Second, he included an out-of-place discussion of shotgun pleadings with a footnote following the "Keystone" quote. Doc 16 at 10, ¶10. There, he also discusses the defense of voluntary payments and "mistake-of-law" or "mistake-of-fact." Defendants fail to comprehend how this discussion is responsive to the MTD.

### Count Four – Unjust Enrichment

In Count Four of the Complaint at paragraphs 28 and 29 (note misnumbering), Plaintiff alleges that Defendants induced him to enter into the Note for the purchase of land with a Security Deed "provided, however, the terms of the agreement" caused him to overpay the Note. As a result, he asserted the "Defendants have retained the financial benefit conferred by [his] overpayment of the Note. Therefore, Defendants will be unjustly enriched, and justice requires that Defendants be compelled to disgorge the benefit conferred by Plaintiff."

In the MTD, Defendants argued that the allegation that the Note's terms themselves caused him to overpay makes no sense. Defendants also showed that since there is an undisputed legal contract, there can be no claim for Unjust Enrichment

In the Response, citing <u>Nat. City Bank of Rome v. Busbin,</u>
Defendant argued that "[a]n action for money had and received is
merely one form of action to recover damages based on unjust
enrichment." Doc 16 at 20-21. However, <u>Busbin</u> goes on to state
"[T]here cannot be an express and implied contract for the same
thing existing at the same time between the same parties. It is
only when the parties themselves do not expressly agree, that
the law interposes and raises a promise. (Cit. Omitted)"

Here, there is no dispute that a contract exists.  As such,
Plaintiff's unjust enrichment argument fails.

<u>Shotgun Pleading</u>

Defendants argued in the MTD that the Complaint is a
shotgun pleading. They argued that each count adopts the
allegations of all preceding counts and all claims are
generically asserted against all of the defendants without
asserting facts showing each Defendants' wrongdoing. Throughout
the MTD, Defendants argued Plaintiff's claims are vague.

In the Response, Plaintiff denies the Complaint is a
shotgun pleading citing <u>Keystone Capital Partners, Inc. v. Jack</u>,
1:21-CV-02147-JPB, 2022 WL 125360, at *1 (N.D. Ga. Jan. 13,
2022). Doc. 16 at 10, ¶10.

The <u>Keystone</u> court declined to dismiss the Complaint on
shotgun pleading grounds. It held, while the four counts adopt
the allegations of the preceding counts, "[i]n this case, it is

13

clear to the Court that the Complaint provides Defendants with adequate notice of the claims against them and the grounds upon which each claim rests. As a result, dismissal on shotgun pleading grounds is inappropriate." Such is not the case here. As shown in the MTD and in this Reply, Defendants cannot discern from the Complaint who supposedly did what.

Keystone makes clear that Eleventh Circuit courts have little tolerance for shotgun pleadings. "The Eleventh Circuit Court of Appeals has explained that shotgun pleadings 'waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts' (cit. omitted). Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard. The courts of appeals and the litigants appearing before them suffer as well (cit. omitted). In sum, tolerating shotgun pleadings 'constitutes toleration of obstruction of justice.'

Typically, shotgun pleadings are characterized by any one of the following: (1) multiple counts that each adopt the

allegations of the preceding counts; (2) conclusory, vague and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act or which of the defendants the claim is brought against (cit. omitted). These categories 'do not have precise and clearly marked boundaries' (cit. omitted). Rather, the 'unifying characteristic' of all shotgun pleadings is that they fail 'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests' (cit. omitted)."

Such is the case here.  Three of the four characteristics described in Keystone exist here, to wit, multiple counts that each adopting the allegations of the preceding counts; conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; and combining multiple claims against multiple defendants without specifying which defendant is responsible for which act or which of the defendants the claim is brought against. Moreover, it  has already cost these Defendants thousands of dollars to file their Motion to Dismiss and this Reply.  Indeed, the Response is at least as convoluted as the Complaint.

In short, Plaintiff's Complaint should be dismissed.

GRIFFIN LAW AND MEDIATION, P.C.

/S/ DENISE R. GRIFFIN

_____
DENISE R. GRIFFIN
GEORGIA BAR #310777

ATTORNEY FOR DEFENDANTS RICKIE LEE LANCE,
SHEILA LANCE PATTERSON, GELAINE WILLIE
LANCE, AND MYRTLE ADAMS

295 SOUTH CULVER STREET, STE. B
LAWRENCEVILLE, GA  30046
TELEPHONE: (770) 963-7147
EMAIL:  DENISE@DRGRIFFINLAW.COM

The foregoing brief has been prepared with Courier New 12 point
which is one of the font and point selections approved by the Court
in LR 5.1(B).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


WILLIAM R. CHAMBERS, JR.,

                Plaintiff,                CIVIL ACTION

    -vs.-                         #1:22-cv-00045-JPB-
RDC

RICKIE LEE LANCE, et al.

                Defendants.

---

CERTIFICATE OF SERVICE

        The undersigned hereby certifies that on June 23, 2022, the foregoing Reply Brief was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the Plaintiff's attorney of record, to wit,

        Donell Holiday.

        I hereby certify that I have mailed by United States Postal Service the document to the following non- CM/ECF participants:

        N/A.


                            GRIFFIN LAW AND MEDIATION, P.C.

                            /S/ DENISE R. GRIFFIN

                            _____
                            DENISE R. GRIFFIN
                            GEORGIA BAR #310777

295 SOUTH CULVER STREET, STE. B
LAWRENCEVILLE, GA  30046
(770) 963-7147 – TELEPHONE
(770) 963-9676 – FACSIMILE
DENISE@DRGRIFFINLAW.COM